REQUESTED BY: Vernon Tweedie Deputy County Attorney, Red Willow County McCook Nebraska
In view of the repeal of Neb.Rev.Stat. § 39-669.19, what is the penalty for operating a motor vehicle when an operator's license has been suspended or revoked by the Director of the Department of Motor Vehicles pursuant to the implied consent statutes of the State of Nebraska?
For a first offense, the operator shall be guilty of a Class III misdemeanor and the court shall, as part of the judgment of conviction, suspend such person's license for one year, and for each subsequent offense, the operator shall be guilty of a Class III misdemeanor and the court shall, as a part of the judgment of conviction, suspend such individual's license for a period of two years.
LB 139 (1983) repealed Neb.Rev.Stat. § 39-669.19, which provided:
 Any person operating a motor vehicle upon a public highway during the period for which his license was revoked under the provisions of section 39-669.08 and sections 39-669.15 to 39-669.19, or after such period of revocation but before issuance of a new license, shall be guilty of a Class III misdemeanor.
Section 39-669.19 specifically addressed the penalty which would be imposed upon one driving on a license suspended under the implied consent statutes of this state. In addition to § 39-669.19, Neb.Rev.Stat. § 60-430.01 established penalties for one driving on a license which had been suspended or revoked pursuant to any law of this state. Neb.Rev.Stat. § 60-430.01 (Reissue 1984) provides as follows:
 Any person who shall be convicted of operating a motor vehicle during any time period that his or her motor vehicle operator's license has been suspended or revoked pursuant to any law of this state, or after such suspension or revocation but before reinstatement of his or her license or issuance of a new license shall: (1) For a first such offense, be guilty of a Class III misdemeanor, and the court shall, as part of the judgment of conviction, order such person not to operate any motor vehicle for any purpose for a period of one year from the date of final discharge from the county jail, or the date of payment or satisfaction of any fine imposed, whichever is later; and (2) for each subsequent such offense, be guilty of a Class III misdemeanor, and the court shall, as part of the judgment of conviction, order such person not to operate any motor vehicle for any purpose for a period of two years from the date of final discharge from the county jail, or the date of payment or satisfaction of any fine imposed, whichever is later.
The legislative history of LB 139 (1983) reveals that 39-669. 19 was repealed for the reason that the Legislature felt that penalties for driving on a suspended license were established by § 60-430.01. The introducer's statement of intent with regard to LB 139 contains the following language:
 There are currently two provisions in the statutes which provide a penalty for driving on a suspended license; 39-669.19, and 60-430.01. Because the section 39-669.19 provides specific reference to the possible violations; and because other specific statutes may contain their own penalty, by retaining both of these provisions on the books we risk conflicting prosecutions. Because the provision in Chapter 60 is a general statute which applies regardless of which specific law has been violated leading to license suspension, 39-669.19 should be repealed to remove the possibility of conflict. It should be pointed out that the penalty for the violation of these two sections is the same and the repeal of 39-669.19 should have no appreciable impact upon current law.
Further, with regard to LB 139, on the floor of the Legislature the introducer of LB 139, Senator Chris Buetler, stated that `basically all it does is to repeal a duplicate section of statutes having to do with license suspension provisions so we have two provisions that basically say the same thing and we are repealing one of the two which we failed to do a few years ago when we enacted the new law.'
Therefore, the penalty for operating a motor vehicle after an operator's license has been suspended or revoked by the Director of the Department of Motor Vehicles pursuant to the implied consent statutes of this state is found under60-430.01. For the first such offense, the operator shall be guilty of a Class III misdemeanor, and the court shall, as part of the judgment of conviction, order that such person's motor vehicle operator's license shall be suspended for one year, and for each subsequent offense, such operator shall be guilty of a Class III misdemeanor, and the court shall, as a part of the judgment of conviction order that such person's motor vehicle operator license shall be suspended for a period of two years. Section 60-430.01 thus defines the offense of operating a motor vehicle on a suspended license, and sets the penalties for commission of such offense.
Neb.Rev.Stat. § 60-430.01 generally will apply where one has been convicted of operating a motor vehicle on a suspended license. However, where a statute establishes a penalty for driving under a suspended license in a specific situation, the more specific statute will govern that matter. As you have pointed out, Neb.Rev.Stat. § 39-669.30
makes it unlawful to operate a motor vehicle on the public highways of this state after one has had his or her motor vehicle operator's license or privilege revoked under the points system of this state. Section 39-669.30 establishes specific penalties for one who violates that offense. A specific penalty for driving on a license suspended under the points system of the state has been created by 39-669. 30, and the penalties contained therein will apply to such violations rather than the penalties contained in the more general license suspension provision, § 60-430.01. Absent a specific statute governing the imposition of a penalty when one operates a motor vehicle on a suspended license, § 60-430.01 will apply.
Sincerely,
A. EUGENE CRUMP Deputy Attorney General
Jill Gradwohl Assistant Attorney General
APPROVED:
A. Eugene Crump Deputy Attorney General